IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY D. LEE, et al.,

    Plaintiffs,                                  No. CIV S-10-2700 MCE GGH PS

    vs.

BAC HOME LOANS SERVICING, LP,

    Defendant.                                  FINDINGS AND RECOMMENDATIONS

_____/

        Presently before the court is plaintiffs' application for temporary restraining order, filed January 27, 2011. For the reasons stated herein, the application should be denied.[1]

I. Legal Standards for Temporary Restraining Order / Preliminary Injunction

        The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlberg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, ___, 129 S. Ct. 365, 374 (2008)). "A preliminary injunction is

---

[1] A response from defendant is unnecessary.

appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, __F.3d__, 2011 WL 208360 *7 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)) and finding that the "serious questions" test remain valid after Winter.).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 376.

II. Analysis

The application for temporary restraining order is simply a boilerplate form which contains no facts but only conclusions.  Other than the alleged fact that plaintiffs are suing the mortgagor for asserted claims, there is no other indication what the facts are.

Because the application is completely devoid of facts, plaintiffs have not raised serious questions going to the merits.

III. Conclusion

Accordingly, IT IS RECOMMENDED that: plaintiffs' application for temporary restraining order, filed January 27, 2011, (dkt. # 17), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2011                                /s/ Gregory G. Hollows

                                                                  U. S. MAGISTRATE JUDGE

GGH:076:Lee2700.tro.wpd