1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY D. LEE, et al.,

11            Plaintiffs,                    No. CIV S-10-2700 MCE GGH PS

12        vs.

13   BAC HOME LOANS SERVICING, LP,

14            Defendant.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Presently before the court is defendant BAC Home Loans Servicing's amended

17   motion to dismiss.[1]  For the reasons set forth herein, defendant's motion should be granted.[2]

18   BACKGROUND

19            Plaintiffs Jerry and Lisa Lee filed this action on October 5, 2010.  Plaintiffs allege

20   that defendant induced them into a predatory loan agreement for the refinance[3] of their primary

21   _____

22        [1]  Because oral argument was not of material assistance, this matter was submitted on the briefs.  E.D. Cal. L.R. 230(g).

23        [2]  Defendant seeks to strike plaintiffs' opposition because it was untimely and not
24   properly served.  See E.D. Local Rule 230(c).  Pro se parties are given great latitude in this regard; however, as the opposition contains no argument responding to defendant's motion, it has
25   not been considered in any event.

26        [3]  The loan documents indicate that the loan agreement was for the initial purchase of the house, not a refinance.  (Def.'s RJN Ex. A.)

residence, and committed numerous acts of fraud in regard to that agreement.  (Compl. at 1.)

Plaintiffs allege no other facts in their boilerplate complaint; however, the loan documents

submitted in support of defendant's motion to dismiss indicate the loan agreement was executed

on October 19, 2006.  (Def.'s Mot., Exs. A-C.)  According to defendant, plaintiffs defaulted on

the note in July 2008, and notice of default was filed on September 25, 2009.  (Def.'s RJN Ex.

B.)  Defendant proceeded with the trustee sale, and a trustee deed upon sale was recorded on

September 30, 2010.  (Id., Ex. D.)

       The complaint contains claims for violation of the Truth in Lending Act

("TILA"), Real Estate Settlement Procedures Act ("RESPA"),[4] Home Ownership and Equity

Protection Act of 1994 ("HOEPA"), unjust enrichment, quiet title, breach of fiduciary duty,

negligence, fraud, breach of implied covenant of good faith and fair dealing, and intentional

infliction of emotional distress.  Plaintiffs seek injunctive relief, rescission, and compensatory

and punitive damages.

DISCUSSION

I.  Legal Standards for Motion to Dismiss

       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

it must contain factual allegations sufficient to "raise a right to relief above the speculative

level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

pleading must contain something more...than...a statement of facts that merely creates a suspicion

[of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice

and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

---

[4]  The complaint does not set forth a separate cause of action under RESPA and HOEPA but rather references these acts under other claims.  (Compl. at 14, 19, 20.)  The undersigned will construe such causes of action out of an abundance of caution, however, as pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

II. <u>Analysis</u>

    A. <u>TILA</u>

        1. <u>Rescission</u>

    Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15

1  U.S.C. § 1635(f).

2          In this case, although the complaint itself is devoid of factual allegations, the loan

3  documents indicate that the Subject Loan was consummated on or about October 19, 2006.

4  (Def.'s Mot., Exs. A-C.)  Plaintiffs did not bring the instant action until October 5, 2010;

5  accordingly, more than three years have passed since the alleged TILA violations.  15 U.S.C. (Id.

6  at ) 1640(e).

7          Furthermore, equitable tolling does not apply to rescission under this provision of

8  TILA.  If the borrower files his or her suit over three years from the date of a loan's

9  consummation, a court is powerless to grant rescission.  Miguel v. Country Funding Corp., 309

10  F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on

11  rescission actions' which bars any claims filed more than three years after the consummation of

12  the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v.

13  Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the

14  right of rescission at the end of the 3-year period.").  As such, defendant's motion to dismiss

15  plaintiffs' rescission claim under TILA should be granted without leave to amend.

16          Additionally, the Ninth Circuit has held that rescission under TILA *should* be

17  conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y.,

18  329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).  District courts in this circuit have

19  dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to

20  allege an ability to tender loan proceeds.  See, e.g., Garza v. Am. Home Mortgage, 2009 WL

21  188604 at *5 (E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the

22  borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009

23  WL 2901637 at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash.

24  2009).  In this case, plaintiffs have failed to allege any facts relating to their ability to tender the

25  loan proceeds, or that they in fact ever tendered the loan proceeds.

26          Finally, rescission is not available under TILA because the transaction for which

4

plaintiffs seek rescission was a "residential mortgage transaction," within the meaning of §

1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[5] and

was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to §

1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in

section 1602(w) of this title"). <u>See also</u>, 12 C.F.R. § 226.23 (f) (exempting residential mortgage

transactions from rescission rights).

      Accordingly, the court finds that plaintiff has failed to state a claim under the

Truth in Lending Act for rescission.[6]

      2. <u>Damages</u>

      TILA provides that a plaintiff can bring an action to recover damages "within one

year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  As stated above,

plaintiffs brought this action more than three years after consummation of the loan; accordingly,

their TILA claim is time-barred.

      The complaint, without explanation, alleges that equitable tolling should apply

"due to defendants' misrepresentations and failure to disclose." (Compl. at 14.)  Plaintiffs'

opposition is also boilerplate in nature and contains no facts responsive to defendant's grounds

for dismissal.  In regard to equitable tolling, plaintiffs state: "plaintiffs acted with due

diligence.... Defendants acted with deliberate malice toward Plaintiffs in that Defendants by

making proactive statements to Plaintiffs that revealed certain facts which would give a

reasonable person of ordinary prudence cause to believe the current loan was properly priced and

---

[5] 15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." <u>Accord</u>, 12 C.F.R. § 226.2(a)(24).

[6] Additionally, plaintiffs cannot maintain an action under TILA against BAC Home Loans as servicer because a servicer is not treated as an assignee of the obligation unless it is the owner of the obligation.  15 U.S.C. § 1641(f)(1).

1  that said loan was the only loan Plaintiffs qualified for while withholding facts which would have

2  given Plaintiffs full disclosure." (Opp'n at 3.)  Plaintiffs claim they had no notice of defendant's

3  wrongdoing until "improprieties of the real estate market were finally made public in the popular

4  media." (Id. at 4.)

5          Plaintiffs have not provided specific facts pertaining to this case.  Therefore,

6  defendant's motion to dismiss this damages claim should be granted without leave to amend.

7          B.  RESPA

8          The complaint alleges the following RESPA violations: "Good Faith Estimate not

9  within limits, no HUD-1 Booklet, Truth In Lending Statement not within limits compared to

10  Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day

11  before closing, No Holder Rule Notice in Note, No 1ˢᵗ Payment Letter." (Compl. at 12:341-344.)

12  In their opposition, plaintiffs argue that "defendant charged false fees" under RESPA.

13          To the extent that plaintiffs attempt to state a RESPA cause of action, 12 U.S.C. §

14  2605(e)(1) requires the servicer to provide information relating to the servicing of the loan upon

15  a qualified written request by the borrower.  Plaintiffs have not provided any facts indicating that

16  plaintiffs made a qualified written request to BAC Home Loans, and that BAC Home Loans

17  failed to provide information relating to the servicing of the loan.  Plaintiffs make only a

18  conclusory allegation that BAC Home Loans, as servicer, "breached [its] dut[y] to [plaintiffs] by,

19  inter alia, the conduct described above.  Such breaches included, but were not limited to,

20  ensuring their own and [plaintiffs'] compliance with all applicable laws governing the loan

21  transactions in which they were involved, including but not limited to, TILA, HOEPA, **RESPA**

22  and the Regulations X and Z promulgated there under." [Sic] (Compl. at 19:549-552.)

23  (Emphasis in original.)

24          "'Naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient.

25  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell

26  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

1    In their opposition, plaintiffs make a vague and ambiguous contention that "it was

2  demanded to please provide," followed by a list of specific information.  (Opp'n at 7.)  Plaintiffs

3  do not state who made the demand, upon whom it was made, when it was made, and how it

4  might have satisfied the requirements of a qualified written request.

5    Furthermore, as provided in its reply, BAC's contention that any such claims are

6  barred by the statute of limitations is correct.  See 12 U.S.C. § 2614 (providing for one year

7  statute of limitations period for violations of §§ 2607 and 2608, and three year limitations period

8  for violations of § 2605).

9    Therefore, any potential RESPA claim against BAC Home Loans will be

10  dismissed.

11    C.  HOEPA

12    Plaintiffs also allege violations of 15 U.S.C. § 1639, the Home Ownership and

13  Equity Protection Act ("HOEPA"), which is an amendment to the Truth in Lending Act.

14  (Compl. at 19.)

15    HOEPA mandates additional disclosures to the borrower for mortgages which

16  meet certain requirements.  15 U.S.C. § 1639.  Explicitly exempted from the provisions of

17  HOEPA are "residential mortgage transactions."  15 U.S.C. § 1602(aa)(1).  Residential mortgage

18  transactions are, in turn, defined as "a transaction in which a mortgage, deed of trust, purchase

19  money security interest arising under an installment sales contract, or equivalent consensual

20  security interest is created or retained against the consumer's dwelling to finance the acquisition

21  or initial construction of such dwelling."  15 U.S.C. § 1602(w).

22    Plaintiffs' loan meets the definition of a residential mortgage transaction.

23  Although the complaint alleges that the loan was used to re-finance plaintiffs' residence, the loan

24  documents indicate that the loan was for the purpose of acquiring the residence.  (Compl. at 1;

25  Def.'s RJN Ex. A.)  Therefore, plaintiffs cannot state a claim for relief under HOEPA because

26  the loan transaction is not of the type that triggers the additional requirements of §1639.

1    Plaintiff's claim under HOEPA is therefore legally deficient and must be dismissed without leave

2    to amend.

3        C.   <u>State Law Claims</u>

4          As there are no federal claims remaining, this court declines to exercise

5    supplemental jurisdiction over plaintiffs' possible state law claims.   <u>See</u> 28 U.S.C. § 1367(c)(3)

6    (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the

7    district court has dismissed all claims over which it has original jurisdiction"); <u>see</u> <u>also</u>, <u>Acri v.</u>

8    <u>Varian Associates, Inc.</u>, 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which

9    all federal-law claims are eliminated before trial, the balance of factors . . . will point toward

10    declining to exercise jurisdiction over the remaining state-law claims' ") (quoting

11    <u>Carnegie-Mellon University. v. Cohill</u>, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988)).

12    <u>CONCLUSION</u>

13          Accordingly, IT IS RECOMMENDED that:

14          1.   Defendant's amended motion to dismiss, filed November 12, 2010, (dkt. #9),

15    be granted; and

16          2.   This action be dismissed.

17          These findings and recommendations are submitted to the United States District

18    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within

19    fourteen (14) days after being served with these findings and recommendations, any party may

20    file written objections with the court and serve a copy on all parties.   Such a document should be

21    captioned "Objections to Magistrate Judge's Findings and Recommendations."   Any reply to the

22    objections shall be served and filed within fourteen (14) days after service of the objections.   The

23    \\\\\

24    \\\\\

25    \\\\\

26    \\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 02/28/2011

                                                    /s/ Gregory G. Hollows

4

                                                    U. S. MAGISTRATE JUDGE

5  GGH:076:Lee2700.fr.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26